IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–00934–DDD–KMT

ELITE OIL FIELD ENTERPRISES, INC.,

      Plaintiff/Counterclaim-Defendant

v.

UNITED STATES OF AMERICA,

      Defendant/Counterclaim-Plaintiff.

---

## ORDER

---

      Before the court is "United States' Motion to Stay Pending Ruling on Subject-Matter Jurisdiction," filed by Defendant/Counterclaim-Plaintiff United States of America ["United States"].  (["Motion"], Doc. No. 23.)  Plaintiff/Counterclaim-Defendant Elite Oil Field Enterprises, Inc. ["Elite"] has responded in opposition to the Motion, and the United States has replied.  (["Response"], Doc. No. 26; ["Reply"], Doc. No. 28.)  For the following reasons, the Motion is GRANTED.

### STATEMENT OF THE CASE

      Elite brings this tax refund action against the United States, pursuant to 26 U.S.C. § 7422, seeking to recover alleged overpayments of its federal income taxes for the 2015 fiscal tax year. (Doc. No. 1.)  On December 31, 2020, the United States responded to Elite's allegations by filing a motion for judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 12(c) and

12(h).  (Doc. No. 22.)  In the motion, the United States argues that this case should be dismissed, in its entirety, for lack of subject matter jurisdiction, because Elite failed to exhaust its administrative remedies prior to bringing suit.  (*Id.*)  That motion remains pending.

On January 6, 2021, the United States filed the present Motion, asking that discovery in this matter be stayed, pending resolution of the outstanding motion for judgment on the pleadings.  (Mot. 1.)  The United States argues that a discovery stay is appropriate in this case, so as "to avoid time-consuming discovery and other litigation activities while the jurisdictional motion is pending," and because a ruling on that motion, in its favor, "would dispose of Elite's claims in their entirety."  (*Id.* at 2, 5-9.)  Elite, on the other hand, opposes the imposition of a discovery stay.  (Resp. 1.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored.  *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007).  Nevertheless, the decision whether to stay

discovery rests firmly within the sound discretion of the court.  *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227.  Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

## ANALYSIS

### I.  Prejudice to Plaintiff

Here, as to the first factor, Elite argues that it would suffer "extreme prejudice by any further delay in this case."  (Resp. 3.)  Plaintiff reports that, due to the COVID-19 pandemic, "oil fields in Colorado are largely shut down, and Elite's primary source of revenue has almost all but vanished."  (*Id.* at 2-3.)  Elite stresses that the prompt resolution of the disputed tax refund is "vital" to its owners and employees, as it may determine "whether Elite can continue as an ongoing business."  (*Id.* at 3.)  It complains that the United States "inexplicably filed its motion to dismiss after a lengthy and cooperative exchange of information and negotiations on the merits of the claim," and only "after Elite objected to the government's pressure to further stay or voluntarily dismiss the case in its entirety."  (*Id.*)

The United States, for its part, insists that Elite "is unlikely to suffer any material prejudice from a discovery stay," because, in its view, "the lack of subject matter jurisdiction means the most expeditious way to resolve Elite's refund request is to terminate the litigation as soon as possible, and allow Elite to pursue its administrative remedies." (Mot. 6.) In addition, the United States contends that this lawsuit represents "an all or nothing proposition for Elite," given that Elite "has no co-plaintiffs and has made no claims that could proceed if the Court finds no jurisdiction," and thus, there is no scenario "where discovery could meaningfully proceed on a sub-set of Elite's claims." (*Id.* at 7.)

As to this factor, although the United States disputes the extent to which a discovery stay would actually affect Elite's ability to proceed expeditiously with its case, there is no question that Elite possesses such an interest. *See Chavez v. Young Am. Ins. Co.*, No. 06-CV-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (noting that staying discovery pending resolution of a motion to dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences"). In light of that interest, the court finds the first factor to weigh slightly against the imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay, because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months").

## II. Burden to the Defendant

The United States argues that the second factor, prejudice to the defendant, "heavily favors" the imposition of a discovery stay, given that the pending motion for judgment on the pleadings raises jurisdictional challenges to Elite's claim, which are "bound up with sovereign

immunity." (Mot. 8.) In addition, the United States argues that the "interest in avoiding potentially unnecessary and burdensome litigation activities is of particular importance" here, given that "the defendant is the government and there are, at the very least, significant questions as to whether the Court can hear the suit at all." (*Id.*)

Elite, in response, argues that the United States' justification for a stay would "be more robust," if the motion for judgment on the pleadings "had a significant chance of prevailing." (Resp. 3.) Plaintiff is adamant that this case presents "no jurisdictional problem," and it contends that the United States' arguments for dismissal are "extremely weak." (*Id.* at 2, 4.) In addition, Elite argues that "any burden to the government if this case is not stayed is tempered by [its] own delay," given that the present Motion was filed "at the eleventh hour, and only after negotiations failed to result in settlement." (*Id.* at 8.)

As to this factor, it must be stressed, first, that a stay is not warranted merely by virtue of a defendant's filing of a purportedly dispositive motion to dismiss. *See PopSockets LLC v. Online King LLC*, No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019); *Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of the case."). With that being said, the court finds that the second factor does support the imposition of a stay pending resolution of the United States' motion for judgment on the pleadings, particularly given that that motion raises threshold jurisdictional challenges to Elite's sole claim for relief. *See Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction . . . should be resolved at the

earliest stages of litigation, so as to conserve the time and resources of the Court and the

parties."); *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028,

at *2 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue

of jurisdiction is being resolved."); *see also Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT,

2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (finding the plaintiff's interest in proceeding

expeditiously with the case to be overcome by the potential burden to the defendants "if they

were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction").

Specifically, the United States' pending motion implicates this court's subject matter

jurisdiction. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-

REB-KMT, 2013 WL 2466917, at *2-3 (D. Colo. June 7, 2013) (finding that the plaintiff's

interest in proceeding expeditiously with the case was "overcome by the burden [the defendant]

might face if it were forced to proceed with discovery," where the motion to dismiss "lodged

colorable arguments" that the court lacked subject matter jurisdiction over the claims).  Thus,

given the nature of the outstanding dispositive motion, the court agrees that the federal

government could be prejudiced by engaging in discovery at this time.

### III.  Remaining Factors

Looking to the remaining *String Cheese Incident* factors, the third "court convenience"

factor also weighs in favor of stay.  By imposing a discovery stay in this case, judicial economy

will be enhanced, because scheduling and discovery issues will not be raised, and the court will

be able to focus its attention on the dispositive legal issues raised in the motion for judgment on

the pleadings. *See Burkitt v. Pomeroy*, 15-cv-02386, 2016 WL 696107, at *2 (D. Colo. Feb. 22,

2016) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the

case will proceed."); *Hildebrand v. Douglas Dynamics, Inc.*, 15-cv-00486, 2015 WL 2207773, at

*1 (D. Colo. May 6, 2015) ("[I]t is early in the litigation and resolving legal issues at the early

stage before discovery accords with judicial efficiency.").  The fourth factor bears no weight, as

there are no non-parties with significant, particularized interests in this case.  As to the fifth

factor, the general public's primary interest in this case is an efficient and just resolution.

Avoiding wasteful efforts by the court and the litigants serves that purpose.

On this record, then, having weighed the appropriate factors, the court finds that a stay of

discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that "United States' Motion to Stay Pending Ruling on Subject-Matter

Jurisdiction" (Doc. No. 23) is **GRANTED**.  Discovery in this matter is **STAYED**, pending a

ruling on the outstanding motion for judgment on the pleadings.  (Doc. No. 22.)  The parties

shall file a joint status report within ten days of a final ruling on the motion for judgment on the

pleadings, if any portion of the case remains, to advise whether the Scheduling Order should be

amended.

Dated this 31st day of March, 2021.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge