**In the United States District
Court for the District of Colorado
Judge Daniel D. Domenico**

Case No. 1:20-cv-00934-DDD-KMT

**Elite Oil Field Enterprises, Inc.**,

   Plaintiff/Counter-Defendant,

v.

**United States of America**,

   Defendant/Counter-Plaintiff.

---

**Order Granting Motion for Judgment on the Pleadings**

---

    This case, which is before the Court on the United States of America's motion for judgment on the pleadings, seeks a tax refund based on a net-operating loss Plaintiff Elite Oil Field Enterprises, Inc. says it can carry back from its 2017 tax return to its 2015 return. Elite Oil's 2015 tax return listed income tax due of $510,011. Elite Oil paid that amount when it filed its 2015 taxes after the close of its fiscal year on March 31, 2016. (Doc. 1 at ¶¶ 7–8.) Elite Oil's 2017 tax return reported a loss of $1,419,373 for its 2017 taxable income. (*Id.* at ¶ 10.) Several months after filing its 2017 return after the close of its 2017 fiscal year on March 31, 2018, Elite Oil filed an amended 2015 return requesting to carry back its 2017 loss and requesting a refund of $494,337 on its 2015 taxes. (Doc. 25-2 at 1.) The IRS denied Elite Oil's request by letter, Elite Oil appealed that determination, and the IRS again denied the requested refund.

    The IRS based its denial of Elite Oil's appeal on the 2017 Jobs and Tax Cut Act, which terminated carryback losses for tax years *ending*

after December 31, 2017. (Doc. 1 at ¶¶ 17–18 (citing Pub. L. 115-997, § 13302(e)(2)).) Because Elite Oil was requesting a carryback for its 2017 fiscal year, which ended on March 31, 2018, after the December 31, 2017 Jobs and Tax Cut Act deadline, the IRS declined the refund.

Elite Oil then filed this suit, challenging the IRS's denial, and seeking a refund based on its request to carryback its 2017 operating loss to its 2015 return. Elite Oil argues it is entitled to relief because § 2303(c)(1) and (c)(2) of the 2020 Coronavirus Aid, Relief, and Economic Security Act, also known as the CARES Act, amended the Jobs and Tax Cut Act to eliminate carrybacks for tax years *beginning* after December 31, 2017 and reinstating carrybacks for tax years beginning before December 31, 2017. (Doc. 1 at ¶¶ 19–23 (citing Pub. L. 116-136, § 2303(c)(1), (c)(2).) Elite Oil further argues that § 2303(d) makes those changes retroactive by stating, "the amendments [to the effective-date provisions for carrybacks] shall take effect as if included in the provisions of Public Law 115-97 to which they relate." Pub. L. 116-136, § 2303(d). Because the CARES Act preserves carrybacks for tax years beginning before December 31, 2017, Elite Oil argues it is entitled to carry back its 2017 losses. (Doc. 1 at ¶ 21.)

The government now moves for judgment on the pleadings under Federal Rules of Civil Procedure 12(c), arguing that the Court lacks subject-matter jurisdiction over Elite Oil's claim. The government's motion rests on a doctrine known as the "substantial variance" rule, which "bars a taxpayer from presenting claims in a tax refund suit [in federal court] that 'substantially vary' the legal theories and factual bases set forth in the tax refund claim presented to the IRS." *Green v. United States*, 880 F.3d 519, 532 (10th Cir. 2018) (quoting *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000)). The rule is derived from 26 U.S.C. § 7422(a) and 26 C.F.R. § 301.6402-2.

2

Section 7422(a) operates as a limited waiver of sovereign immunity for refund suits where the taxpayer "has timely filed a refund claim at the [IRS] in the manner prescribed by regulation." And Section 301.6402-2(b)(1) requires that a claim for refund filed with the IRS "must set forth in detail each ground upon which a credit or a refund is claimed and in facts sufficient to apprise the Commissioner of the exact basis thereof." Courts have construed these provisions together to arrive at the substantial-variance rule that a taxpayer's refund suit cannot present novel legal or factual theories not presented to the Commissioner of the IRS. Among other aspects of that rule, "any legal theory not expressly or impliedly contained in the application for refund cannot be considered by a court in which a suit for refund is subsequently initiated." *Green*, 880 F.3d at 532. The rule ensures that that the IRS is apprised "of the nature of the claim and its underlying facts, so that it can make a thorough administrative investigation and determination, correct any errors, and limit the scope of any ensuing litigation to those issues which have been examined and which it is willing to defend." *True v. United States*, 190 F.3d 1165, 1171–72 (10th Cir. 1999) (cleaned up).

The legal theory on which Elite Oil premises its complaint substantially varies from the theory under which it initially sought a refund from the IRS. Elite Oil sought to carry back its 2017 loss based on a pre-CARES Act version of the tax code. (*See* Doc. 25-4 at 1 (arguing that the pre-CARES Act version of 26 U.S.C. § 172 permitted Elite Oil to carry back its 2017 loss).) But its refund suit is premised on the provisions of the CARES Act that change the tax-year framework for carrybacks. Elite Oil did not present this argument to the IRS. Indeed, it couldn't have: the CARES Act was passed after Elite Oil appealed the IRS's determination.[1] The applicability of the CARES Act, including

---

[1] Elite Oil recently filed a new amended 2015 return making the same

3

whether it applies retroactively, must be determined by the IRS in the first instance. Because the IRS did not have the opportunity to do so, the substantial-variance rule strips this Court of subject-matter jurisdiction and bars Elite Oil's suit.

Elite Oil's primary counterargument is that its underlying request—to carry back its 2017 net-operating loss—hasn't changed, and so this suit does not substantially vary from its request to amend to the IRS. But at that level of generality, the substantial-variance rule would barely be a rule at all. Presumably most refund suits seek similar relief to the relief sought in administrative proceedings before the IRS. The problem here is that Elite Oil's refund suit seeks the same relief *for different legal reasons*—the CARES Act. *See Logan v. United States by & through Comm'r of Internal Revenue*, No. 2:18-CV-99-FTM-29MRM, 2018 WL 3067892, at *4 (M.D. Fla. June 21, 2018) (substantial-variance rule requires dismissal of claims based on new legal arguments even if those claims seek the same relief as in administrative proceedings before the IRS). That is the substantial variance that bars Elite Oil's suit.

Elite Oil next argues that the changes made to the effective dates for carrybacks by the CARES Act simply corrected a scrivener's error in the Jobs and Tax Cut Act. That may or may not be true, but it misses the point either way. The substantial-variance rule exists so the IRS has the first opportunity to determine the way relevant law applies to a taxpayer's claim. *See Nat'l Commodity & Barter Ass'n/Nat'l Commodity Exch. v. United States*, 843 F. Supp. 655, 660 (D. Colo. 1993) ("The purpose of this principle is to provide the IRS with adequate information

---

argument it does in this case that the CARES Act permits the 2017 carryback. That Elite Oil took this step is a tacit concession that the proper procedure for it to seek amendment is by first raising its CARES Act argument with the IRS.

4

to consider claims and thus avoid the expense of unnecessary litigation."), *aff'd sub nom. Nat'l Commodity & Barter Ass'n v. United States*, 42 F.3d 1406 (10th Cir. 1994); *see also True v. United States*, 190 F.3d 1165, 1172 (10th Cir. 1999) (the purpose of the substantial-variance rule is to "limit the scope of any ensuing litigation to those issues which have been examined" by the IRS) (citations omitted)); *Teco Energy v. United States*, No. 98-430-CIV-J-TJC, 1999 WL 1273727, at *5 (M.D. Fla. Oct. 21, 1999) (taxpayer cannot premise refund suit on grounds "inconsistent with the grounds originally specified by the taxpayer in its refund claim").[2] The IRS thus is entitled to a first pass on the question of applicability of the CARES Act, and whether its changes merely corrected a scrivener's error.[3]

---

[2] To be sure, applying the substantial-variance rule in this instance does not neatly serve all facets of the rule's purpose. The CARES Act appears to be relatively clear, and the parties seem to agree that it applies to Elite Oil's suit. Yet there remain benefits in allowing the IRS to take the first pass on how the CARES Act applies to Elite Oil's request. Among other things, because the law squarely foreclosed Elite Oil's request in 2018, the IRS was not able to pass on the merits of Elite Oil's request. For example, is Elite Oil's math right? Is it entitled to carryback an amount sufficient to cover its entire 2015 refund? Assuming the CARES Act permits Elite Oil's carryback, the substantial-variance rule allows the IRS to answer these questions first.

[3] The Court is somewhat doubtful that the changes to the effective-date provisions for carrybacks corrected a true "scrivener's error." To qualify as such, the error must render a provision literally meaningless. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 234 (2012) ("But sometimes there is *no* sense of a provision—*no* permissible meaning—that can eliminate an absurdity unless the court fixes a textual error.") It may or may not be that the drafters of the Jobs and Tax Cut Act made a mistake. But even if they did, that mistake isn't so obvious to have made the effective-date provisions absurd or senseless. *Id.* ("A provision may be either disregarded or judicially corrected as an error (when the correction is textually simple) if failing to do so would result in a disposition that no reasonable person would approve.")

Citing *Grigsby v. Barnhart*, 294 F.3d 1215 (10th Cir. 2002), Elite Oil last argues that the CARES Act applies its amendments to the effective-date provisions retroactively, and retroactive statutes apply to pending litigation—even if that litigation commenced before the statute was enacted. That is certainly an accurate representation of *Grigsby*'s holding that, if Congress clearly makes a law retroactive, that law will apply to administrative claims commenced before enactment of the law. 294 F.3d at 1219. But *Grigsby* has no bearing on the question presented by the government's motion. Whether or not the CARES Act applies retroactively, the substantial-variance rule says that a tax-refund suit is permitted only if the IRS was allowed to determine the legal and factual issues underlying the suit in the first instance. Elite Oil has cited no authority, binding or otherwise, that the retroactivity doctrine acts as an exception to the substantial-variance rule.

For these reasons, the Court **grants** the Government's motion, (Doc. 22), and **orders** that the case is **dismissed without prejudice**. The clerk is directed to enter judgment and close the case.

DATED: June 11, 2021.  BY THE COURT:

Daniel D. Domenico
United States District Judge